<u>**UNPUBLISHED**</u>

**UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

---

**No. 05-2376**

---

JAE-YOUNG LEE,

                                        Plaintiff - Appellee,

        versus

TAE SHIN; S & K TRADING & CONSULTING,
INCORPORATED, t/a SK Trading,

                                        Defendants - Appellants,

        and

CAROL KAYE GARCIA; CARLOS GARCIA,

                                        Defendants.

---

**No. 06-1517**

---

JAE-YOUNG LEE,

                                        Plaintiff - Appellee,

        versus

TAE SHIN; S & K TRADING & CONSULTING,
INCORPORATED, t/a SK Trading,

                                        Defendants - Appellants,

        and

CAROL KAYE GARCIA; CARLOS GARCIA,

                                              Defendants.

——————————

Appeals from the United States District Court for the District of Maryland, at Baltimore. Andre M. Davis, District Judge. (CA-04-1920-AMD; 1:04-cv-01920-AMD)

——————————

Submitted: March 7, 2007          Decided: April 24, 2007

——————————

Before WILLIAMS, TRAXLER, and SHEDD, Circuit Judges.

——————————

Affirmed by unpublished per curiam opinion.

——————————

Jack L. B. Gohn, GOHN, HANKEY & STICHEL, L.L.P., Baltimore, Maryland, for Appellants. JoAnne Zawitoski, Jonathan I. Ahn, Alexander M. Giles, Marisa A. Trasatti, SEMMES, BOWEN & SEMMES, Baltimore, Maryland, for Appellee.

——————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This consolidated appeal arises from a default judgment entered in favor of Jae-Young Lee ("Lee") against Tae Shin ("Shin"). Shin appeals several of the district court's rulings on motions filed after the default judgment was granted. For the reasons that follow, we affirm.

In June 2004, Lee filed suit against Shin. Shin was personally served with a copy of the summons and complaint. Over the next few months, Shin contacted several lawyers but ultimately decided to proceed pro se. Shin asserts that because of an incorrect mailing address specified in the complaint he did not receive correspondence from the district court relating to the action. Nevertheless, at least two weeks before Lee moved for entry of default, Shin received a letter from Lee's counsel informing him that his pro se motion for extension, which was filed on July 16, 2004, had been rejected by the district court and his answer was past due.[1] The letter also informed Shin of the imminent possibility of a default judgment and encouraged Shin to contact Lee's counsel with any questions. The district court ultimately granted Lee's motion for default judgment on October 27,

---

[1] After some delay, but prior to the district court granting the default judgment, Shin also received a notice from the district court informing him that his motion for extension had been rejected.

3

2004.  On September 30, 2005, Shin filed a motion to set aside the default judgment, which the district court denied.

In No. 05-2376, Shin appeals the order of the district court denying his motion to set aside the default judgment.[2]  We review the denial of a motion to set aside default judgment under Rule 60 of the Federal Rules of Civil Procedure for an abuse of discretion. Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 895-96 (4th Cir. 1987).  We have reviewed the record and find that the district court did not abuse its discretion.  Specifically, Shin's actions did not constitute "excusable neglect" under Rule 60(b)(1) because he knowingly failed to obtain meaningful legal representation, declined to address the claims made against him, and neglected to apprise himself of the developments in the litigation, despite being served with the summons and complaint and receiving correspondence from opposing counsel admonishing him to respond. See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (discussing excusable neglect when the litigant himself is at fault).  Accordingly, we affirm the decision of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in

---

[2]In No. 06-1517, Shin appeals the decisions of the district court denying his motions for reconsideration.  The briefs filed in No. 06-1517 are substantially the same as the briefs filed in No. 05-2376.  In light of our determination in No. 05-2376, we also affirm the decisions of the district court in No. 06-1517.

4

the materials before the Court and argument would not aid the decisional process.

AFFIRMED